RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

DAVID T. YANG (CA SBN 198556)
dyang@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5587
Facsimile: (213) 892-5454

Attorneys for APPLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>APPLE INC.,<br><br>  Applicant,<br><br>For an Order Permitting Discovery for Use in Foreign Proceedings under 35 U.S.C. § 1782 | Case No.<br><br>**APPLE INC.'S UNOPPOSED <u>EX PARTE</u> APPLICATION FOR AN ORDER PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS UNDER 28 U.S.C. § 1782** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to 28 U.S.C. § 1782, Apple Inc. ("Apple") moves for leave to obtain limited discovery for use in foreign litigation between, on the one hand, Apple Computer Trade (Shanghai) Co., Ltd. and Apple Electronic Products Commerce (Beijing) Co., Ltd. (together, "Apple's subsidiaries") and, on the other hand, China IWNCOMM Co., Ltd. ("China IWNCOMM").

China IWNCOMM has sued Apple's subsidiaries and Gome (Xi'an) Co., Ltd. ("Gome") for patent infringement in the Shaanxi High People's Court in the People's Republic of China. Apple believes that license agreement(s) between Broadcom Corp. ("Broadcom") and China IWNCOMM support a license or exhaustion defense in the Chinese litigation. Apple therefore asks the Court to allow discovery of (i) the license agreements and (ii) all documents reflecting communications between Broadcom and China IWMCOMM relating to these agreements, as specified in the proposed subpoena to Broadcom. (Decl. of Richard S.J. Hung in Supp. of Apple Inc.'s Unopposed *Ex Parte* Appl. for an Order Permitting Discovery for Use in Foreign Proceedings under Section 1782 ("Hung Decl."), Ex. 3.)

Broadcom does not oppose this application. (Hung Decl. ¶ 5.)

**FACTUAL BACKGROUND**

China IWNCOMM is the owner of Chinese Patent No. ZL02139508.X, entitled "Method for the Access of the Mobile Terminal to the WLAN and for the Data Communication via the Wireless Link Security." China IWNCOMM has alleged that its patent covers the use of the WLAN Authentication & Privacy Infrastructure ("WAPI") standard, which is a national standard in China for wireless connectivity.

On April 18, 2016, China IWNCOMM sued Apple's subsidiaries and Gome in the Shaanxi High People's Court for allegedly infringing claims 1-10 of its patent by selling iPhone 6 devices in China. *See* Complaint (informal translation)

1 (Hung Decl. Ex. 2). In its Chinese Complaint, China IWNCOMM seeks injunctive relief and damages of 150 million RMB. *Id.* at 2.

Apple's iPhone 6 devices include WiFi components manufactured by Broadcom. During prior discussions between Apple and IWNCOMM, IWNCOMM conceded that it has licensed its intellectual property (presumably including the asserted patent) to Broadcom. But IWNCOMM has refused to allow Apple to review its license agreement(s) with Broadcom to determine whether they provide an implied license or sublicense to Broadcom's customers such as Apple or create an exhaustion defense.

## ARGUMENT

### I. Apple's Application Satisfies the Requirements of Section 1782(a)

28 U.S.C. § 1782(a) authorizes a federal court to provide judicial assistance in proceedings abroad. An application for discovery under Section 1782(a): (i) must be filed in "the district in which [the person from whom discovery sought] resides"; (ii) must be "for use in a proceeding in a foreign or international tribunal"; and (iii) may be made "upon the application of any interested person." § 1782(a). *See In re Application of the Republic of Ecuador*, Nos. C-11-80171, -80172, 2011 U.S. Dist. LEXIS 108612 at *7 (N.D. Cal. Sept. 23, 2011) (listing requirements).

All of these requirements are met here. First, Broadcom resides in this District. *See* https://www.broadcom.com/contact/lications.php (referring to Irvine facility). Second, Apple seeks the China IWNCOMM-Broadcom license agreements and related documents for use in the Chinese action. Third, Apple is an interested party via its ownership of its subsidiaries.

### II. The *Intel* Factors All Support Granting Apple's Application

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court identified four discretionary factors that a district court may consider in a motion for Section 1782(a) discovery. 542 U.S. 241 (2004). These are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the

2

nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign [tribunal] to U. S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id*. at 264-65.

      Applying the *Intel* factors confirms that the Court should permit limited discovery from Broadcom for use in the Chinese action. First, as Broadcom is not a participant in the foreign proceeding, it cannot be compelled to produce information in that proceeding absent an order here. *See id.* at 264 (explaining that discovery under Section 1782(a) is more "apparent" when "sought from a non-participant").

      Second, Chinese courts are receptive to U.S. federal court judicial assistance, as here. *See In re Application of Carste Rehder Schiffsmakler under Reederei GmbH & Co.*, No. 08-mc-108, 2008 U.S. Dist. LEXIS 88434, at *4-5 (M.D. Fla. Oct. 17, 2008) ("*Carste*") (recognizing that Chinese court in civil action "may well receive the evidence" and that the request was not "necessarily . . . futile," favoring granting the request).

      Third, Apple's request is not intended to circumvent foreign proof-gathering restrictions or policies. As the court in *Carste* noted, "China's rules of procedure relating to discovery are not comparable to our own[,] and . . . obtaining the information without this Court's assistance is by no means assured." *Id*. at *4.

      Finally, the requested discovery is neither unduly burdensome nor intrusive, but "short, simple and well-defined." *Id*. at *5. As in *Carste*, "[n]o issue of privilege is involved, and the burden of compliance is negligible." *Id*. Apple seeks only:

      (1)    Any license agreements between Broadcom and China IWNCOMM; and

1        (2)   All documents reflecting communications between Broadcom and CHINA IWNCOMM relating to these agreements.

The requested information is plainly relevant.  It may demonstrate that China IWNCOMM's license to Broadcom, Apple's supplier, supplies Apple with a complete defense to China IWNCOMM's infringement allegations in the Chinese proceedings.

## CONCLUSION

Because the *Intel* factors all favor Apple, and Broadcom does not oppose the application, the Court should allow Apple's Section 1782(a) application.

Dated:   May 12, 2016             By:   */s/ Richard S.J. Hung*

Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

David T. Yang (CA SBN 198556)
dyang@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone:   (213) 892-5587
Facsimile:   (213) 892-5454

Attorneys for APPLE INC.

4